KAREN G. JOHNSON-MCKEWAN State Bar No.: 121570
DIANE L. WEBB State Bar No.: 197851
WILLIAM W. FRIEDMAN State Bar No.: 215185
BROBECK, PHLEGER & HARRISON LLP
One Market Plaza, Spear Tower
San Francisco, CA 94105
Telephone:   (415) 442-0900
Facsimile:    (415) 442-1010

CHRISTOPHER HO State Bar No.: 129845
THE LEGAL AID SOCIETY/EMPLOYMENT LAW CENTER
1663 Mission Street, Suite 400
San Francisco, CA 94103-2449
Telephone:   (415) 864-8848
Facsimile:    (415) 864-8199

MARIELENA HINCAPIÉ State Bar No.: 188199
SARA CAMPOS State Bar No.: 153878
NATIONAL IMMIGRATION LAW CENTER
1212 Broadway, Suite 1400
Oakland, CA 94612
Telephone:   (510) 663-8282
Facsimile:    (510) 663-2028

Attorneys for Plaintiff Macan Singh

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACAN SINGH, | Case No. C-02-1130 |
| Plaintiff, | COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF FOR RETALIATION |
| v. | |
| CHARANJIT JUTLA and C.D. & R's OIL, INC., | (FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201-219, AND CALIFORNIA LABOR CODE § 98.7) |
| Defendants. | |
| | [JURY TRIAL DEMANDED] |

## JURISDICTION

1. Jurisdiction of the subject matter of this action is established under 28 U.S.C. § 1331 and Fair Labor Standards Act of 1938 § 16(b), as amended, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has supplemental jurisdiction over the related state law claims asserted herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction over those claims is appropriate because they arise from the same common nucleus of operative facts from which the federal law claims arise.

3. This is the proper venue for this action because the unlawful employment practice alleged herein was committed within this Court's judicial district.

## NATURE OF THIS ACTION

4. This is an action brought pursuant to section 215(a)(3) of the FLSA and section 98.7 of the California Labor Code to obtain relief for plaintiff MACAN SINGH ("Mr. Singh"), a former employee of defendant CHARANJIT JUTLA ("Jutla") and C.D. & R.'S OIL, INC. ("CD&R," and collectively with defendant Jutla, "defendants").

5. This action concerns retaliation against Mr. Singh due to his assertion of rights protected by the FLSA and the California Labor Code. Through this action, Mr. Singh seeks, *inter alia*, declaratory and injunctive relief, compensatory and punitive damages, and his attorneys' fees and costs of suit.

## PARTIES

6. Plaintiff MACAN SINGH is an adult resident of Alameda County, California. He was employed by defendants from approximately May 1995 until on or about February 14, 1998.

7. Defendant CHARANJIT JUTLA is an adult resident of Alameda County, California. At all times relevant herein defendant Jutla was, on information and belief, the owner and operator of several service stations located in Alameda County, at which Mr. Singh was employed. Mr. Singh also provided certain personal services to Jutla and other of Jutla's family members. Defendant Jutla is an employer pursuant to the FLSA and the California Labor Code.

8. Defendant C.D. & R's OIL, INC. is, on information and belief, a California corporation with offices in Alameda County, California and owned, in part, by defendant Jutla. At

1

COMPLAINT FOR DECLARATORY, INJUNCTIVE,
AND MONETARY RELIEF FOR RETALIATION

all times relevant herein, it owned and operated the service stations at which Mr. Singh was employed.

## GENERAL ALLEGATIONS

9. Mr. Singh was employed by defendants at various service stations and as household help for defendant Jutla's family from approximately May 1995 to February 14, 1998.

10. Mr. Singh had been recruited by defendants to come to work in the United States through fraudulent misrepresentations, including, but not limited to, promises of a place to live with his immediate family, tuition for an education, and a future in a business partnership with defendant Jutla in connection with defendant CD&R.

11. Although Mr. Singh lived in the same household as Jutla while in defendants' employ, Mr. Singh was kept in conditions reminiscent of involuntary servitude, working an average of between 12 and 16 hours per day, 7 days per week. Jutla also severely restricted Mr. Singh's communication and movement during this period.

12. In or about February 1998, Mr. Singh asked to be paid for his labors. In response, defendants fired Mr. Singh and forced him to leave Jutla's home.

13. Although Mr. Singh was forced to work on average between 12 and 16 hours per day, 7 days per week, defendants did not pay Mr. Singh any wages throughout the nearly three years in which he worked for and was under defendants' control.

14. On or about January 6, 1999, Mr. Singh filed a wage claim against defendants pursuant to section 98 of the California Labor Code with the California Department of Industrial Relations, Division of Labor Standards Enforcement ("Labor Commissioner"), seeking payment of wages and overtime pay.

15. After Mr. Singh filed this wage claim, Jutla threatened to report him to the Immigration and Naturalization Service ("INS") unless Mr. Singh dropped his claim. Jutla also unsuccessfully tried to force Mr. Singh to sign a waiver of all claims against defendants. Mr. Singh refused to succumb to Jutla's pressure.

16. As a result of his wage claim, the Labor Commissioner entered judgment for Mr. Singh and against defendants in the amount of $69,633.73.

COMPLAINT FOR DECLARATORY, INJUNCTIVE,
AND MONETARY RELIEF FOR RETALIATION

SFRLIB1\DW4\
6146821.01

17.     On or about October 24, 2000, defendants appealed from the Labor Commissioner's judgment by filing an action in the Superior Court of California for the County of Alameda, *C.D. & R.'s Oil Inc., et al. v. Singh, et al.*, Case No. H216148-0.

18.     On or about February 23, 2001, the very first day of trial of that matter, Mr. Singh and defendants arrived at a settlement of Mr. Singh's wage claim. Pursuant to that settlement, defendant Jutla agreed to make a scheduled sequence of monetary payments to Mr. Singh in discharge of Jutla's obligations under the settlement terms. That settlement was read into the Court's record and was reduced to a final writing, which Mr. Singh signed on or about May 3, 2001.

19.     On May 4, 2001, however, just one day after he signed the settlement agreement, Mr. Singh was arrested and detained by the INS. As of this date, Mr. Singh remains in INS custody. He is currently subject to a final order of deportation.

20.     Mr. Singh is informed and believes and thereon alleges that defendants contacted the INS to provide it with information concerning his immigration status and whereabouts, and to cause his detention.

21.     Mr. Singh is also informed and believes and thereon alleges that defendants contacted the INS in an effort to retaliate against him for having filed the aforementioned wage claim with the Labor Commissioner and to avoid liability to Mr. Singh on the basis of that claim and the subsequent settlement agreement.

### DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS

22.     An actual and substantial controversy currently exists between Mr. Singh and defendants, as Mr. Singh is informed and believes that defendants claim they did not engage in retaliation against Mr. Singh within the meaning of the FLSA and the California Labor Code. Mr. Singh asserts the contrary. Declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, is therefore appropriate and necessary to resolve this controversy.

23.     Mr. Singh has no adequate remedy at law with which to secure relief for the deprivation of his rights pursuant to the FLSA and California Labor Code. Injunctive relief, pursuant to 29 U.S.C. § 216(b), including, but not limited to, an order enjoining defendants from

engaging in future retaliatory actions, is therefore appropriate and necessary to effectuate the purposes of section 215(a)(3) of the FLSA and California Labor Code section 98.7.

### FIRST CLAIM FOR RELIEF
(Retaliation in Violation of the FLSA)

24. Mr. Singh incorporates by reference the allegations contained in paragraphs 1 through 23 above as though fully contained herein.

25. By filing his aforementioned wage claim with the Labor Commissioner, Mr. Singh engaged in a protected activity under the FLSA.

26. Defendants' subsequent communication to the INS concerning Mr. Singh was retaliatory, as it was undertaken in direct response to Mr. Singh's assertion of his workplace rights protected by the FLSA. Accordingly, defendants' report to the INS constituted an unlawful employment practice in violation of the FLSA.

27. As a further proximate result of the retaliatory actions described above, Mr. Singh has suffered and continues to suffer emotional distress, humiliation and dignitary harms, and other injuries.

28. Defendants undertook the retaliatory actions alleged herein willfully, maliciously, and with reckless disregard for Mr. Singh's rights pursuant to the FLSA.

### SECOND CLAIM FOR RELIEF
(Retaliation in Violation of the California Labor Code)

29. Mr. Singh incorporates by reference the allegations contained in paragraphs 1 through 28 above as though fully contained herein.

30. By filing the aforementioned wage claim with the California Labor Commissioner, Mr. Singh engaged in an activity protected under the California Labor Code.

31. Defendants' subsequent communication to the INS concerning Mr. Singh was retaliatory, as it was undertaken in direct response to Mr. Singh's assertion of his rights protected by the California Labor Code. Accordingly, it constituted an unlawful employment practice in violation of the California Labor Code.

32. As a further proximate result of the retaliatory actions described above, Mr. Singh

1  has suffered and continues to suffer emotional distress, humiliation and dignitary harms, and other
2  injuries.
3      33.    Defendants undertook the retaliatory actions alleged herein willfully, maliciously,
4  and with reckless disregard for Mr. Singh's rights pursuant to the California Labor Code.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Singh prays for judgment against defendants as follows:

1. For a declaratory judgment that defendants' actions complained of herein have violated Mr. Singh's rights under the FLSA and the California Labor Code, including the right to be free from retaliation for the assertion of rights protected thereunder;

2. For an injunction restraining defendants Jutla and C.D. & R, its owners, officers, agents, directors, successors, employees, attorneys, or representatives from further violating the FLSA and the California Labor Code, and requiring the establishment of appropriate and effective means to prevent future violations including, but not limited to, prohibiting defendants from engaging in further communications with the INS regarding Mr. Singh or any of defendants' other employees or former employees;

3. For compensatory and punitive damages in an amount according to proof;

4. For his attorney's fees and costs of suit; and

5. For such other and further relief this Court deems just, equitable, and proper.

DATED: March 7, 2002

BROBECK, PHLEGER & HARRISON LLP

THE LEGAL AID SOCIETY/EMPLOYMENT LAW CENTER

THE NATIONAL IMMIGRATION LAW CENTER

By: _____
Karen G. Johnson-McKewan
BROBECK, PHLEGER & HARRISON LLP

Attorneys for Plaintiff Macan Singh

## JURY DEMAND

Plaintiff Macan Singh hereby demands a jury trial in this action pursuant to Fed. R. Civ. P. 38.

DATED: March 7, 2002

BROBECK, PHLEGER & HARRISON LLP

THE LEGAL AID SOCIETY/EMPLOYMENT LAW CENTER

THE NATIONAL IMMIGRATION LAW CENTER

By: _____
Karen G. Johnson-McKewan
BROBECK, PHLEGER & HARRISON LLP

Attorneys for Plaintiff Macan Singh

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF FOR RETALIATION

SFRLIB1\DW4\
6146821.01