**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAKHAN SINGH, a.k.a. MACAN SINGH,

       Plaintiff,

  v.

CHARANJIT JUTLA, et al.,

       Defendants.

_____/

No. C 02-01130 CRB

**ORDER**

Now before the Court is plaintiff's motion for attorneys' fees and costs.  Having carefully reviewed the memoranda submitted by the parties, and having had the benefit of oral argument, the Court hereby awards plaintiff's attorneys' fees and costs in the amount of $626,547.63.

## BACKGROUND

The background of this case and the legal issues involved have been explained in great detail in the Court's previous orders and will not be repeated here.  In particular, the Court's March 19, 2004 Memorandum and Order on defendants' motion for a new trial outlines plaintiff's success in this case, and concludes that there was not an inconsistent verdict and that the damages awarded were not excessive.

//

//

**DISCUSSION**

**I.     Legal Standard**

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), a prevailing party is entitled to recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The customary method of determining a reasonable attorneys' fees award is by calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Morales v. San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  Although there is a "strong presumption" that this "lodestar" method represents the reasonable fee, the lodestar may in some circumstances be adjusted upward or downward.  See City of Burlington v. Dague, 505 U.S. 557, 562 (1992) (citation omitted); see also Pennsylvania v. Delaware Valley Citizens Council, 478 U.S. 546, 564 (1986).  Fees awarded to a nonprofit organization are "calculated in the usual way" as those awarded to a private firm for the purposes of determining a "reasonable" fee.  See Blanchard v. Bergeron, 489 U.S. 87, 95 (1989); Blum v. Stenson, 465 U.S. 886, 889 (1984).

The party seeking attorneys' fees has the burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  In addition to documenting the appropriate hours expended in the litigation, the fee applicant must submit evidence in support of those hours worked.  See id.  From the initial fee calculation, the district court should exclude hours that were not "reasonably expended," including "excessive, redundant or otherwise unnecessary" hours.  Id. at 434 (citation omitted).

A district court may also adjust the fee award based on other considerations, such as "the important factor of 'results obtained.'"  Id.  In other words, the trial court should consider whether the prevailing party achieved "a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  Id.  "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  Id. at 436.

United States District Court

For the Northern District of California

1  Accordingly, the fact that a plaintiff is the "'prevailing party' . . . may say little about

2  whether the expenditure of counsel's time was reasonable in relation to the success

3  achieved." Id.

4      "There is no precise rule or formula for making these determinations." Id.  Rather, the

5  district court, in its discretion, "may attempt to identify specific hours that should be

6  eliminated, or it may simply reduce the award to account for the limited success." Id. at 436-

7  37.

8  **II.    Compensable Claims**

9      **A.    FLSA Claim**

10     Defendants argue that plaintiff is not entitled to any attorneys' fees under the FLSA

11  because plaintiff only obtained a "nominal" or "moral victory" for his FLSA claim.  They

12  assert that this case is governed by Farrar v. Hobby, which held that "[w]hen a plaintiff

13  recovers only nominal damages because of his failure to prove an essential element of his

14  claim for monetary relief, the only reasonable fee is usually no fee at all." 506 U.S. 103, 115

15  (1992) (citations omitted).

16     The Court disagrees.  Farrar stands for the proposition that a plaintiff obtaining only

17  nominal damages may not be entitled to a full "prevailing party" attorneys' fees award, in

18  light of the "technical" nature of the victory. Id. at 114-15.  As was thoroughly addressed in

19  the Court's Memorandum and Order denying defendants' motion for a new trial, plaintiff

20  prevailed on his FLSA claim, and the jury explicitly indicated that it awarded actual damages

21  for that violation.  The Court will not repeat its analysis again here, but merely reiterates that

22  plaintiff clearly prevailed on his FLSA claim, and was awarded actual damages for that

23  claim.  Because the jury found actual FLSA damages, plaintiff's victory cannot be regarded

24  as "technical" within the meaning of Farrar regardless of the fact that the jury did not

25  articulate the exact amount of FLSA damages it awarded.  Any alternative description of the

26  FLSA award as a "moral victory" in no way transforms it to an award of nominal damages

27  sufficient to apply the Farrar analysis.

28  //

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

**B.      Non-FLSA Claims**

Defendants argue that plaintiff's counsel now improperly seeks fees related to emotional distress, punitive damages, and "alter ego" claims in its FLSA fee recovery claim. Defendants maintain that these claims are unrelated to the FLSA claims so as to not warrant a fee award.  See Hensley, 461 U.S. at 429.

FLSA recovery extends to time spent on non-FLSA issues to the extent that those issues interrelate and overlap with FLSA ones.  Diaz v. Robert Ruiz, Inc., 808 F.2d 427, 429 (5th Cir. 1987); see also Williams v. Tri-County Growers, 747 F.2d 121, 137-38 (3d Cir.1984); but see Smith v. Bonds, 1993 U.S. Dist. LEXIS 21326, at *20 (E.D. N.C. 1993) (concluding that such an interpretation runs counter to the "American Rule" set forth in Hensley).  "Related claims will involve a common core of facts or will be based on related legal theories." Odima v. Weston Tiscon Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995); see also Hensley, 461 U.S. at 434-35.  In Odima, the Ninth Circuit noted that where a plaintiff only prevails on some claims in an employment discrimination case, a court may use its discretion to determine whether to award fees for related state law claims.  53 F.3d at 1499 (quoting Hensley, 461 U.S. at 435-37).

In this case, plaintiff prevailed on all of his claims.  However, using the reasoning in Odima, this Court may use its discretion to evaluate the relative success of the claims, and determine a reasonable attorney fee award.  The Court concludes that it is reasonable to award fees only for the FLSA claim, but plaintiff should not recover fees for the emotional distress, punitive damages, "alter ego" research, and any other legal work unrelated to FLSA.

**III.      Lodestar Calculation**

Having determined that plaintiff is a prevailing party and that plaintiff is only entitled to recover fees for the FLSA claim, the Court next determines a reasonable award of attorneys' fees in this case.  A reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  See Hensley, 461 U.S. at 433.

//

//

4

**United States District Court**
**For the Northern District of California**

### A.    Reasonable Hours

Plaintiff requests--after making internal reductions--a total of $951,929.77, consisting of $897,809.64 in attorneys fees and $54,929.77 in costs. This amount is calculated based on 2,777.13 hours of attorney work and 640.1 hours of paralegal work, for a total of 3417.23 hours. In total, plaintiff seeks recovery of fees for work from nineteen timekeepers, including eleven attorneys and eight paralegals. Defendants assert that the claimed time expended by plaintiff's attorneys "shocks the conscience" and shows that billing judgment has not been exercised. Plaintiff's counsel contends that in reducing total fees by 16.7 percent it has exercised "billing judgment" by excluding duplicative and unnecessary fees and expenses. See Appendix A to Plaintiff's Memorandum of Points and Authorities.

The party requesting fees bears the burden of documenting the appropriate hours expended and hourly rates and should submit evidence supporting the hours worked and rates claimed. Hensley, 461 U.S. at 433. A court should exclude from the fee applicant's initial fee calculation hours that were not "reasonably expended," such as those incurred from overstaffing, or "hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433.

The Court recognizes that the complexity of the issues being litigated and the defendants' litigation strategy was a factor in increasing the hours spent on this litigation. The Court finds that many of the hours expended were reasonable. However, the Court has carefully reviewed the memoranda, declarations, and exhibits, including the billing records of each timekeeper, and the Court finds that there were duplicative efforts and excessive expenditures of time. Thus, the Court concludes that a reduction in the number of hours expended on the litigation is warranted in order to achieve a reasonable number of hours. As a practical matter, however, reducing unrelated or excessive fees is somewhat difficult in light of Morgan Lewis' block-billing method, which lumps tasks together under a single billing entry, making it difficult to isolate which charges were billed for which particular tasks.

1    The Court having been intimately involved in this litigation for its duration, however,

2    has a sense of the amount of time reasonably expended.  The Court concludes that, given the

3    nature of this litigation, it was excessive to have eleven attorneys working the extensive

4    hours claimed by plaintiff.  In comparison to plaintiff's eleven attorneys, defendants had four

5    attorneys and one paralegal over the course of the litigation.  Defendants assert that their

6    counsel spent a total of approximately 1018 hours on this litigation.[1]  While the Court

7    recognizes that defendants were unsuccessful at trial, the Court concludes that this was not

8    based on the number of attorneys who worked on the litigation or the hours expended, nor

9    does the outcome reflect the quality of the attorneys' representation per se.  Even with

10   plaintiff's success at trial, and given that plaintiff had the burden of proof, the Court finds

11   that plaintiff's expenditure of over three times the number of hours expended by defendants

12   is excessive.  The Court notes that defendants' counsel was always well prepared and ably

13   represented her clients.

14   More specifically, the Court notes that the firm of Morgan, Lewis & Bockius, LLP

15   ("Morgan Lewis") seeks fees for five attorneys, including two partners who seek fees at

16   $470.00 and $600.00 per hour, as well as eight paralegals/technical support staff.  The Legal

17   Aid Society seeks fees for Christopher Ho, as well as three other attorneys, and the National

18   Immigration Law Center seeks fees for one attorney.  Having reviewed the billing records,

19   the Court concludes that the time spent by the two partners at Morgan Lewis, the three

20   attorneys at the Legal Aid Society other than Christopher Ho, and the attorney at the National

21   Immigration Law Center was excessive, duplicative, and unnecessary.  The Court declines to

22   award fees for such time.

23   //

---

25   [1]Importantly, the 1018 hours spent by defendants' attorneys is the total number of hours that
26   defendants assert was expended on the litigation without any reductions based on unrecoverable claims
     or an exercise of billing judgment.  Plaintiff's claim of 3417.23 hours is the number of hours which
27   plaintiff seeks to recover after exercising billing judgment and reducing for claims for which recovery
     is not available.  Thus, the Court notes that it is unable to make a direct comparison between plaintiff's
28   hours expended and defendants' hours.  However, the Court notes that the difference in hours expended
     by opposing counsel would be even more dramatic were the Court to compare plaintiff's actual hours
     spent (before reduction) with defendants' total hours as reported.

United States District Court

For the Northern District of California

As to the remaining attorneys, having carefully reviewed the billing records, the Court concludes that certain hours expended by these attorneys was unreasonable because it was excessive, duplicative, unnecessary, or not based on claims for which attorneys fees are compensable.  Importantly, it is plaintiff's burden to document the hours expended and to submit evidence supporting the hours worked and rates claimed.  Hensley, 461 U.S. at 433. At oral argument, the Court asked plaintiff's counsel whether this was the most detailed breakdown of hours that it could provide.  Plaintiff's counsel responded that while it could make guesses to support further breakdowns, this was the most detailed documentation available.  Accordingly, the Court is left to determine if plaintiff's have met their burden of establishing the hours reasonably expended.

Although plaintiff's "block-billing" method (multiple task listed in one block of time) is not itself prohibited, this Court has attempted to decipher and segregate billing entries to determine which tasks are FLSA related and has eliminate entries that contain both FLSA and non-FLSA work where plaintiff had not met its burden of establishing its entitlement to fees.  Defendants point to Diane Webb's November 12, 2003 entry as a non-exhaustive example of such "lumping."  Among other FSLA related tasks, the entry for 13.1 hours includes "conduct legal research regarding scope of punitive damage recovery," "research preemption of state common law claim," and "review . . . numerous e-mails among co-counsel regarding immigration issues," none of which relate, defendants argue, to plaintiff's FLSA claim.  The Court agrees that by failing to segregate tasks, it is difficult to separate FLSA and non-FLSA charges within attorney entries.  The Court also agrees with defendants that plaintiff's submission have made it difficult to determine how much time was in fact charged for co-counsel meetings.  Having carefully reviewed the billing records submitted by the parties, however, the Court has been able to determine which hours are unreasonable and noncompensable.  Accordingly, the Court concludes that the following reductions are warranted because the hours were spent on non-FLSA claims or were due to excessive or redundant activities, or because the Court is unable to clearly identify that the time was spent

on the FLSA claim:  86.7 hours from Ms. Webb, 99.7 hours from Christopher Ho, and 73.9

hours from William Friedman.

Additionally, the Court has identified hours expended during trial that the Court finds

to be unreasonable and excessive.  For example, even after the Court has reduced the number

of attorneys that can be compensated, on December 9, 2004, the first day of trial, attorneys

Mr. Ho, Ms. Webb, and Mr. Friedman seek to be compensated for a total of 41.8 hours of

time.  Again, this does not include the time already deemed unreasonable by the Court, nor

does it include the paralegal and technical support time for that day.  While the billing

records for Mr. Ho breaks down the hours reported into distinct tasks, the records of Ms.

Webb and Mr. Friedman are block-billing descriptions.  Regardless, the Court finds that such

amounts of time are excessive and unreasonable.  The Court finds it excessive to have at least

three attorneys and technical support staff at counsel's table for every day of trial.

Accordingly, the Court concludes that the following reductions should be made: 19.3 hours

from Mr. Ho's time, 21.3 hours from Mr. Friedman's time, and 21.5 hours from Ms. Webb's

time.

In sum, the Court concludes that it is necessary to exclude from plaintiff's fee

calculation hours that were not reasonably expended, such as those incurred from

overstaffing, or hours that are excessive, redundant, or otherwise unnecessary.  Accordingly,

in total the Court excludes 108.2 hours from Ms. Webb, 95.2 hours from Mr. Friedman, and

99.7 hours from Mr. Ho.

**B.    Reasonable Rates**

Reasonable rates are to be calculated according to the prevailing market rates in the

relevant community, regardless of whether plaintiff is represented by private or non-profit

counsel.  Blum, 465 U.S. at 895; see also, Davis v. City & County of San Francisco, 976

F.2d 1536, 1545-46 (9th Cir. 1992); Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th

Cir. 1987).  To inform and assist the court in the exercise of its discretion, the burden is on

the fee applicant to produce satisfactory evidence that the requested rates are in line with

United States District Court

For the Northern District of California

8

United States District Court

For the Northern District of California

1   those prevailing in the community for similar services by lawyers of reasonably comparable

2   skill, experience, and reputation.  <u>Blum</u>, 465 U.S. at 895 n.11.

3          The Court finds that the rates requested by plaintiff's attorneys are unreasonable.  The

4   Court has determined that certain hours for the following four attorneys are compensable:

5   Ms. Webb, Mr. Friedman, Mr. Ho, and Richard Pearl.  Ms. Webb, a 1998 law school

6   graduate, seeks compensation for 890.5 hours at a rate of $310 per hour, and 23.3 hours at a

7   rate of $335 per hour, for a total request of $283,860.  Mr. Friedman, a 2001 law school

8   graduate, seeks compensation for 638 hours at a rate of $215 per hour, and 20.3 hours at a

9   rate of $230 per hour, for a total request of $141,968.50.  Mr. Ho, a 1987 law school

10  graduate, seeks compensation for 603.55 hours at a rate of $390 per hour, and 70.85 hours at

11  a rate of $420 per hour, for a total of $265,141.50.  Mr. Pearl, a 1969 law school graduate,

12  seeks compensation for 18.75 hours at a rate of $475 per hour, for a total of $8,906.25.[2]

13  Plaintiff also seeks $90,859.00 for fees incurred by the eight paralegals/technical support

14  staff.  Plaintiff assert that such staff expended 640.10 hours at rates ranging from $90 per

15  hour to $367.50 per hour.

16         Having reviewed the evidence submitted by both parties to establish the prevailing

17  rates in the community for similar services by lawyers of reasonably comparable skill,

18  experience, and reputation, the Court finds that the rates sought by plaintiff's counsel are

19  excessive.  The Court concludes that the reasonable rate are as follows: Ms. Webb at $250

20  per hour, Mr. Friedman at $200 per hour, Mr. Ho at $325 per hour, and Mr. Pearl at $400 per

21  hour.  Additionally, the Court finds that the rates for the paralegals/technical support staff is

22  excessive.  The Court concludes that it is reasonable to bill all paralegal/technical support

23  staff time at a rate of $100 per hour.

24  //

25  //

26

27         [2]The Court notes that in a declaration filed with a fee request on a different case for the same type
    of work done one month prior, Mr. Pearl states that his hourly rate is $450 per hour.  Additionally, in

28  the future, it would be helpful if Mr. Pearl would either type or write legibly his billing records in order
    for the Court to more easily identify how his time has been spent.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for attorneys' fees and costs, and hereby awards plaintiff's attorneys' fees and costs in the amount of $626,547.63 as outlined in the chart below.

| TIMEKEEPER | HOURS | RATE ($) | LODESTAR ($) |
|---|---|---|---|
| Diane Webb | 805.60 | 250.00 | 201,400.00 |
| William Friedman | 563.70 | 200.00 | 112,740.00 |
| Christopher Ho | 574.70 | 325.00 | 186,777.50 |
| Richard Pearl | 18.75 | 400.00 | 7,500.00 |
| TOTAL ATTORNEYS' FEES | 1,944.00 | | 508,417.50 |
| TOTAL PARALEGAL/TECHNICAL SUPPORT STAFF | 640.10 | 100.00 | 64,010.00 |
| TOTAL COSTS | | | 54,120.13 |
| **TOTAL ATTORNEYS' FEES & COSTS** | | | **626,547.63** |

**IT IS SO ORDERED.**

Dated: June 8, 2004                    _____/s/_____

                                       CHARLES  R. BREYER
                                       UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California