1  MORTIMER H. HARTWELL (State Bar No. 154556)
   DIANE L. WEBB (State Bar No. 197851)
2  WILLIAM W. FRIEDMAN (State Bar No. 215185)
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market - Spear Street Tower
   San Francisco, CA 94105-1126
4  Telephone:    (415) 442-1000
   Facsimile:    (415) 442-1001
5
   CHRISTOPHER HO (State Bar No. 129845)
6  LEGAL AID SOCIETY – EMPLOYMENT LAW CTR.
   600 Harrison Street, Suite 120
7  San Francisco, CA 94107-1387
   Telephone:    (415) 864-8848
8  Facsimile:    (415) 864-8199

9  Attorneys for Plaintiff Makhan Singh

10

11 RICHARD PEREZ (State Bar No. 51981)
   PEREZ & MCNABB, PC
12 3730 Mt. Diablo Blvd., Ste. 335
   Lafayette, California 94549
   Telephone:    (925) 254-6100/284-7788
13 Facsimile:    (925) 284-7789

14 Attorney for Defendants Charanjit Jutla,
   Davinder Jutla, and C.D. & R's Oil, Inc
15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18 | MAKHAN SINGH, a.k.a. MACAN SINGH, | Case No. C 02-01130 CRB |
19 | | **JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE SUM OF $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |
   | Plaintiff, | |
20 | vs. | |
21 | C.D.& R's OIL, INC., a California corporation; CHARANJIT JUTLA SINGH, as an individual, president, and shareholder; and DAVINDER JUTLA, as an individual, vice-president, secretary, and shareholder, | |
22 | | |
23 | | Judge:      The Hon. Charles R. Breyer |
   | | Courtroom:  8 |
24 | | |
   | | Action Filed:  March 7, 2002 |
25 | Defendants. | Trial Date:    Post Trial |

26

27

28 1-SF/7191294.1

JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
Case No. C 02-01130 CRB

Plaintiff Makhan Singh ("Mr. Singh") and defendants Charanjit Jutla, Davinder Jutla, and C.D. & R's Oil, Inc. ("Defendants") respectfully submit this Joint *Ex-Parte* Application and [Proposed] Order for the Immediate Release of the Sum of $205,420.00 Plus Accrued Interest on Deposit with the United States District Court in and for the Northern District of California (the "District Court").

## RECITALS

**WHEREAS**, Mr. Singh filed a Complaint against Defendants in the District Court, Case Number C 02-01130 CRB;

**WHEREAS**, a trial ensued and resulted in a judgment on December 19, 2003 (the "Judgment") in favor of Mr. Singh in the amount of $200,000 [Docket No. 320];

**WHEREAS**, Mr. Singh and Defendants separately appealed different aspects of the Judgment to the Ninth Circuit Court of Appeals; those appeals were eventually consolidated into Ninth Circuit Court of Appeals Case No. 04-15691;

**WHEREAS**, Defendants deposited the sum of $205,420.00 into an account with the Clerk of the District Court in lieu of supersedeas bond pursuant to this Court's order dated May 26, 2004, [Docket No. 477];

**WHEREAS**, on June 8, 2004, the Court issued an order awarding Mr. Singh $626,547.63 in attorneys' fees and costs and entered an Amended Judgment in a Civil Case in favor of Mr. Singh in the amount of $826,547.63 [Docket Nos. 481 & 482];

**WHEREAS**, Mr. Singh and Defendants have entered into a Settlement Agreement and Mutual Release to resolve all claims and controversies between them. *See* Settlement Agreement and Mutual Release, attached hereto as Exhibit 1.

**WHEREAS**, pursuant to section 2.01 of the Settlement Agreement and Mutual Release, attached hereto as Exhibit 1, Mr. Singh and Defendants hereby agree and jointly request that this Court order the immediate release and distribution of the sum of $205,420.00, plus any and all accrued interest, on deposit with the District Court in Case Number C 02-01130 CRB,

//

//

1-SF/7191294.1                     1

JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
Case No. C 02-01130 CRB

to the law firm of Morgan, Lewis & Bockius LLP, c/o Diane L. Webb, One Market Plaza, Spear Street Tower, San Francisco, California, 94105.

**IT IS SO AGREED AND STIPULATED.**

Dated: February 24, 2005

THE LEGAL AID SOCIETY/EMPLOYMENT LAW CENTER

MORGAN, LEWIS & BOCKIUS LLP

By _____s/Diane L. Webb_____
Attorneys for Plaintiff Makhan Singh

Dated: February 24, 2005

PEREZ & McNABB, PC

By:_____s/Richard Perez_____
Attorneys for Defendants
Charanjit Jutla, Davinder Jutla, and
C.D. & R's Oil, Inc.

## STIPULATED [~~PROPOSED~~] ORDER

By stipulation of the parties and pursuant to section 2.01 of the parties Settlement Agreement and Mutual Release, attached hereto as <u>Exhibit 1</u>, the Court orders that the sum of $205,420.00, plus any and all accrued interest, on deposit with the District Court in Case Number C 02-01130 CRB, shall be immediately released and disbursed by check payable to the law firm of Morgan, Lewis & Bockius LLP and sent to the following address:

>   Morgan, Lewis & Bockius LLP
>   c/o Diane L. Webb
>   One Market Plaza, Spear Street Tower
>   San Francisco, CA  94105
>
>   Telephone: (415) 442-1000

**IT IS SO ORDERED.**

DATED: March 09, 2005

APPROVED
Charles R. Breyer

_____
THE HONORABLE CHARLES R. BREYER
United States District Court in and for the
Northern District of California Judge

1-SF/7191294.1

2

JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
Case No. C 02-01130 CRB

# PROOF OF SERVICE

I, Linda Buda, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126. On **February 28, 2005**, I served the within documents:

**JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE SUM OF $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

[x] by transmitting via **E-Filing** the document(s) listed above to the person(s) at the address(es) set forth below.

| PARTIES | COUNSEL FOR | PHONE/FAX | SERVED |
|---|---|---|---|
| Defendant Counsel:<br>Richard Perez, Esq.<br>PEREZ & McNABB<br>140 Brookwood Road, Suite 200<br>Orinda, CA 94563-3000 | Defendant,<br>C.D. & R's Oil, Inc. | Off: 925/254-6100<br>Fax: 925/254-0653 | E-Filing |
| Christopher Ho, Esq.<br>Legal Aid Society/The Employment Law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107 | Plaintiff,<br>Macan Singh | Off: 415/864-8848<br>**Fax: 415/864-8199** | E-Filing |
| Sandra J. McNabb, Esq.<br>Of Counsel<br>McGlahan & Sarrail<br>177 Bovet Road, 6th Floor<br>San Mateo, CA 94402 | | Off: 650/341-2585<br>**Fax: 650/341-1395** | E-Filing |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 28, 2005**, at San Francisco, California.

s/Linda Buda
Linda Buda

1-SF/7202192. 1

Case No. C 02-01130 CRB

Proof of Service

# EXHIBIT 1
to
**JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE SUM OF $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# EXHIBIT 1
to
**JOINT *EX-PARTE* APPLICATION AND [PROPOSED] ORDER FOR THE IMMEDIATE RELEASE OF THE SUM OF $205,420.00 PLUS ACCRUED INTEREST ON DEPOSIT WITH THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Case 3:02-cv-01130-CRB   Document 497   Filed 03/09/05   Page 6 of 13   ☒002

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made as of February ___, 2005 (the "Effective Date"), by and between Makhan Singh ("Mr. Singh") and Charanjit Jutla, Davinder Jutla, and C.D. & R's Oil, Inc. (collectively, "Defendants," and together with Mr. Singh, the "Parties").

## RECITALS

**WHEREAS**, a controversy arose between the Parties. Thereafter, Mr. Singh filed a Complaint in the United States District Court in and for the Northern District of California, styled *Makhan Singh v. C.D. & R's Oil, Inc. Charanjit Jutla Singh and Davinder Jutla, et al.*; Case No. CO2-1130-CRB.

**WHEREAS**, the case was tried to a jury before the Honorable Charles R. Breyer in December 2003, resulting in a judgment on December 19, 2003 (the "Judgment") in favor of Mr. Singh in the amount of $200,000.00 [Docket No. 320];

**WHEREAS**, Mr. Singh and Defendants separately appealed aspects of the Judgment to the Ninth Circuit Court of Appeals, and those appeals were eventually consolidated into Ninth Circuit Court of Appeals Case No. 04-15691;

**WHEREAS**, Defendants deposited the sum of $205,420.00 into an account with the Clerk of the District Court in lieu of supersedeas bond pursuant to an Order dated May 26, 2004 [Docket No. 477];

**WHEREAS**, on June 8, 2004, the Honorable Charles R. Breyer issued an order awarding Mr. Singh $626,547.63 in attorneys' fees and costs, and entered an amended judgment in a Civil Case in favor of Mr. Singh in the amount of $826,547.63 (collectively the Judgement, the "Amended Judgment Amount") [Docket Nos. 481 & 482];

**WHEREAS**, the Parties have negotiated in good faith and now wish to resolve all claims and controversies between them by compromise; and

**NOW THEREFORE**, in full and final resolution of their disputes, for valuable consideration, and in particular, in consideration of the mutual promises, covenants, representations, conditions, and consents herein contained, the Parties mutually agree as follows:

## AGREEMENT

### 1.0 Basic Terms

1.01  Mr. Singh will receive the sum of $425,000.00 (the "Settlement Sum") from the Defendants in complete settlement of any and all claims, asserted or unasserted, by or belonging to Mr. Singh against Defendants. The full and final payment

of the Settlement Sum shall be made in accordance with the Payment Terms as set forth in this Agreement in Paragraphs 2.01 – 2.04, below.

1.02   Nonetheless, the full Amended Judgment amount of $826,547.63 in *Makhan Singh v. C.D. & R's Oil, Inc. Charanjit Jutla Singh and Davinder Jutla, et al.*; Case No. CO2-1130-CRB (the "Judgment Amount"), shall not be released until Mr. Singh is indefeasibly paid the entirety of the Settlement Sum. In the event that Defendants fail to comply with any of the terms or obligations set forth in this Agreement, Defendants will remain liable for the entirety of the Judgment Amount, less any monies already paid.

2.0   **Payment Terms**

2.01   Upon the Effective Date of this Agreement, the Parties shall execute the attached Joint *Ex-Parte* Application and [Proposed] Order for the Immediate Release of the $205,420.00 Plus Accrued Interest Currently on Deposit with the United States District Court for the Northern District of California (the "Joint *Ex parte* Application"), attached to this Agreement as Exhibit A. The Joint *Ex parte* Application shall request the immediate release of $205,420.000, plus any accrued interest, currently on deposit with the United States District Court for the Northern District of California, in *Makhan Singh v. C.D. & R's Oil, Inc. Charanjit Jutla Singh and Davinder Jutla, et al.*; Case No. CO2-1130-CRB (the "Court Funds"), to the trust account of Morgan, Lewis & Bockius LLP (the "Morgan Lewis Trust Account") in accordance with this Agreement in Paragraph 4.02.

2.02   Upon the Effective Date of this Agreement, the Parties shall execute the joint letter to Caulfield, Davies & Donahue, counsel to Hilbers, Inc., attached to this Agreement as Exhibit B (the "joint letter"). The joint letter shall direct Caulfield, Davies & Donahue to release $124,000.00 of the settlement funds in *Jutla v. Hilbers, Inc.*, San Joaquin County Superior Court, No. CV 01-18503 (the "Hilbers Funds"), from its trust account to the Morgan Lewis Trust Account in accordance with this Agreement in Paragraph 4.02.

2.03   Counsel for Makhan Singh shall provide to Brian Haydon, Esq. of Caulfield, Davies & Donahue, a signed release of the judgment lien filed in *Jutla v. Hilbers, Inc.*, San Joaquin County Superior Court, No. CV01-18503, which he is authorized to file and serve two business days after transmitting the Hilbers Funds to the Morgan Lewis Trust Account.

2.04   The full and final payment of the Settlement Sum, less any Court Funds and Hilbers Funds received by Morgan Lewis, shall be made by Defendants no later than March 11, 2005.

3.0   **Release Terms**

3.01   Upon the Effective Date of this Agreement, except with respect to those terms and obligations set forth in this Agreement in Paragraphs 1.0 – 2.04, Mr. Singh, on behalf of himself and his heirs, personal representatives, parents, subsidiaries,

divisions, affiliates, predecessors, successors, past and present officers, directors, employees, agents, assigns, insurers, principals, partners, trusts, executors, administrators, attorneys, and affiliated business entities (the "Singh Releasors"), hereby releases and forever discharges Defendants and each of their respective heirs, personal representatives, parents, subsidiaries, divisions, affiliates, predecessors, successors, past and present officers, directors, employees, agents, assigns, insurers, principals, partners, trusts, executors, administrators, attorneys, and affiliated business entities (the "Jutla Releasees"), from all claims, demands, actions, obligations, losses, damages, causes of action, costs, expenses, liabilities, subrogations, duties, controversies and indemnities of every kind or nature, at law and equity, whether individual or derivative, state or federal, known or unknown, suspected or unsuspected, actual or contingent, or not concealed or hidden, that the Singh Releasors had, have, or may have against the Jutla Releasees, or any of them, up to and including the Effective Date of the Agreement.

        3.02    Upon the Effective Date of this Agreement, except with respect to those terms and obligations set forth in Paragraphs 1.0 – 2.04 of this Agreement, the Jutla Releasees hereby release and forever discharge the Singh Releasors from all claims, demands, actions, obligations, losses, damages, causes of action, costs, expenses, liabilities, subrogations, duties, controversies and indemnities of every kind or nature, at law and equity, whether individual or derivative, state or federal, known or unknown, suspected or unsuspected, actual or contingent, whether or not concealed or hidden, that the Jutla Releasees, or any of them, had, have or may have against the Singh Releasors, or any of them, up to and including the Effective Date of the Agreement.

        3.03    With the exception of that portion of Mr. Singh's attorneys' fees and costs that are included in the Settlement Sum and the Judgement Amount, each of the Parties hereto shall be responsible for his, her, or its own attorneys' fees and costs incurred and/or accrued by him, her, or it in connection with the matters related hereto, including, but not limited to: any litigation relating to this Agreement or relating to *Makhan Singh v. C.D. & R's Oil, Inc. Charanjit Jutla Singh and Davinder Jutla, et al.*; Case No. CO2-1130-CRB and the separate appeals filed by both Mr. Singh and Defendants with the Ninth Circuit Court of Appeals and subsequently consolidated into Ninth Circuit Court of Appeals Case No. 04-15691, and specifically each of the Parties waive any and all claim(s) against each other for the recovery of the same.

        3.04    Dismissal of Formal Disputes.

Within five (5) business days of receipt of payment as specified in section 2.0 above, the Singh Releasors and the Jutla Releasees shall cause to be filed dismissals with prejudice of their respective appeals as consolidated into Ninth Circuit Court of Appeals Case No. 04-15691.

        3.05    Subject to and without waiving Paragraph 1.02 above, this Agreement has been voluntarily and knowingly executed by the Parties on the advice and with approval of their respective counsel and with the express intention of effecting the legal consequences provided by section 1541 of the California Civil Code, that is, the extinguishment of obligations as herein designated. The Parties expressly waive and

relinquish all rights and benefits conferred upon them by the provisions of California Civil Code section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor.**

Each of the Parties to this Agreement further waives any and all rights and/or benefits, he, she, or it has or may have under any other statute or common law principles of similar substance and effect, and further represents, acknowledges, and agrees that his, her, or its knowing and voluntary waiver of the provisions of California Civil Code Section 1542 is an essential and material term of this Agreement, and that without such a waiver, this Agreement would not have been entered into.

    3.06    Each of the Parties is aware that he, she, or it may hereafter discover claims or facts in addition to or different from those he, she, or it now know or believe to be true with respect to the matters referenced in this Agreement. Nevertheless, it is the intention of the Parties to fully, finally and forever to settle and release the claims described herein. In furtherance of such intention, the releases given herein shall be and remain in effect notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

### 4.0  Additional Terms

    4.01    Makhan Singh and the Settling Defendants agree to "stay-away" from each other and have no further direct or indirect contact, including the following:

1. Defendants are enjoined from retaliating against Mr. Singh based, in whole or part, upon Mr. Singh's initiation of and/or involvement with *Makhan Singh v. C.D. & R's Oil, Inc. Charanjit Jutla Singh and Davinder Jutla, et al.*; Case No. CO2-1130-CRB, or any other prior and related assertion of legal rights, against Defendants;

2. Defendants are additionally specifically enjoined, without limitation, from attempting in any manner to initiate contact with the INS, initiate inquiries, or to initiate or cause to be initiated any action with respect to Mr. Singh's immigration status or with respect to any immigration proceedings that Mr. Singh may be involved in before the U.S. Department of Homeland Security, including without limitation the successor agencies to the Immigration and Naturalization Service ("INS")[1];

---

[1] *E.g.*, the Bureau of Immigration and Customs Enforcement and the Bureau of Citizenship and Immigration Services.

3.         Defendants and Mr. Singh are additionally enjoined from molesting, harassing, attacking, striking, threatening, assaulting, battering, telephoning, sending any messages to, following, stalking, destroying the personal property of, disturbing the peace of, or keeping under any type of surveillance each other; and

4.         Mr. Singh and Defendants are additionally required to stay at least 100 yards away from each other, their respective residences, places of work, and vehicles.

4.02    All Settlement Fund payments made by check shall be payable to the "Morgan Lewis Trust Account," and all wire payments to the Morgan Lewis Trust Account shall be sent to the following address:

> Citigroup
> One Sansome Street
> 24th Floor
> San Francisco, CA 94104 USA
> Account No. 200165652
> ABA No. 321171184

4.03    The Effective Date of this Agreement shall be the date of the last signature(s) to this Agreement.

4.04    This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and to their respective successors, assigns, heirs, and personal representatives.

4.05    Each of the Parties to this Agreement represents, warrants and agrees as follows:

4.05.01    The Parties have each received independent legal advice from his, her, or its attorneys with respect to each of the matters contained herein, including the advisability of making the settlement provided for herein, the advisability of executing this Agreement, and the meaning of California Civil Code Section 1542, or they have voluntarily declined to seek such counsel.

4.05.02    None of the Parties (nor any officer, agent, partner, employee, representative, or attorney of or for any of the Parties) has made any statement, representation, or promise to the other regarding any fact relied upon in entering into this Agreement, and none of the Parties is relying upon any statement, representation, or promise of the other (or of any officer, agent, partner, employee, representative, or attorney thereof) in executing this Agreement, except as expressly stated in this Agreement. *This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing all claims.*

4.05.03    Each of the Parties has made such investigation of the facts pertaining to this settlement and the Agreement and of all the matters pertaining thereto as he, she, or it deem necessary.

4.05.04    Each of the Parties, or responsible officers, agents, partners, employees, or representative thereof, has read this Agreement and understands the contents thereof.

4.05.05    Each term of this Agreement is contractual and not merely a recital.

4.05.06    Each of the Parties hereto represents and warrants that there has been no assignment, sale or transfer, by operation of law or otherwise, in whole or in part, of any claim, demand, action, obligation, liability, right, or interest such Party purports to release in this Agreement.

4.06    This Agreement, the releases, and other terms provided for herein are made, executed, given, and accepted as part of a compromise and settlement of controversies and disputed claims. No provision of this Agreement, nor any acceptance of the benefits thereof, by or on behalf of any of the Parties hereto, shall be construed or deemed to be evidence of an admission of any fact, matter, thing, or liability of any kind to any other of the Parties. Each of the Parties hereto denies any liability of any kind to any other of the Parties for any purpose, and this settlement is made solely and entirely as a compromise and for the purpose of fully and finally resolving the claims and controversies referred to herein. Neither this Agreement nor any term(s) thereof shall be offered or received as evidence in any proceeding in any forum as an admission of any liability or wrongdoing on the part of any of the Parties hereto. The Parties hereto agree that this Agreement is the result of a compromise within the provisions of California Evidence Code Sections 1152 and 1154 and under any related or similar federal rules or law.

4.07    Counsel for the Parties have negotiated, read, and approved the language of this Agreement, which language shall be construed in its entirety according to its fair meaning. Neither the language of this Agreement nor any ambiguity therein shall be construed against any of the Parties as the drafting party, and the Parties hereby waive California Civil Code Section 1654, and any successor or amended statute. This Agreement will be construed neutrally and will not be applied more strictly against one of the Parties than the other.

4.08    This Agreement is the entire agreement between the Parties with respect to the subject matter hereof and supersedes any and all prior or contemporaneous oral or written agreements and discussions between or among any of them. The Parties hereto acknowledge and agree that there are no conditions, covenants, agreements, or understandings between or among any of them except as set forth in this Agreement. This Agreement may be amended only by a further writing signed by all of the Parties hereto. Waiver of any one provision hereto shall not be deemed to be a waiver of any other provision herein.

4.09     In the event any of the terms, conditions, or covenants contained in this Agreement are held to be invalid, than any such invalidity shall not affect any other terms, conditions, or covenants contained herein, which shall remain in full force and effect. To this end, the provisions of this Agreement are deemed to be severable.

4.10     This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of California, without regard to principles of choice of law.

4.11     This Agreement and the Joint *Ex parte* Application and joint letter attached as Exhibits A and B, respectively, may be signed in counterparts, with one set of original signatures to be maintained by counsel for Defendants. The Parties agree that facsimile or photocopies of original signatures shall be treated as authentic and the equivalent of originals.

IN WITNESS WHEREOF, this Agreement has been executed by and/or on behalf of the Parties as set forth below.

Dated: 2/23/05                              _____
                                            Makhan Singh

Dated: 2/17/04                              _____
                                            Charanjit Jutla

Dated: 2/17/04                              _____
                                            Davinder Jutla

Dated: 2/17/04                              _____
                                            C.D. & R's Oil, Inc.

1-SF/7185680.2

Page 7 of 8

**READ AND APPROVED BY:**

Dated: 2/23/05

*/s/ Diane L. Webb*
Diane L. Webb
Morgan, Lewis & Bockius LLP
Attorneys for Makhan Singh

Dated: 2/17/05

*/s/ Richard L. Perez*
Richard L. Perez
Perez & McNabb
Attorney for Charanjit Jutla, Davinder Jutla, and C.D. & R's Oil, Inc.